# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

ALICIA VALDEZ-SANDOVAL,

    Plaintiff,

vs.

CAREER EDUCATION CORPORATION, d/b/a/
AMERICAN INTERCONTINENTAL
UNIVERSITY,

    Defendant.

Civil Action No. 

## ORIGINAL COMPLAINT

NOW Comes the Plaintiff, Alicia Valdez-Sandoval, by and through herself and for her Complaint against the Defendant, Career Education Corporation, d/b/a American Intercontinental University and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Career Education Corporation, d/b/a American Intercontinental University, – (hereinafter, "CEC"), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of (CEC). This is an action for actual and statutory damages for violations

1 | Page

of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. (CEC), has violated the TCPA by contacting the Plaintiff on her cellular telephone via an "automatic dialing system," and/or " automated or prerecorded messages" as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA and also violated 47 U.S.C. § 227( c)(5), ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring an action . . . to receive up to $500 in damages for each such violation . . . .").

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

4. ALICIA VALDEZ-SANDOVAL, (hereinafter, "Plaintiff"), is a natural person who resides in the county of Shelby, state of Tennessee.

5. CAREER EDUCATION CORPORATION, d/b/a AMERICAN INTERCONTINENTAL UNIVERSITY, (hereinafter, "Defendant"), is a "for-

2 | Page

profit" online university with a corporate address of 231 N. Martingale Road 6th Flr. Schaumburg, Il 60173, and is a "person" as find by 47 USC section 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C § 227et seq.

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq. [2] 47 U.S.C. § 227 (b)(1)(A)(iii).

9. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.³

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

11. In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d). Relevant here, the regulations require the telemarketer to (1) provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted," § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called.

---

³Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

## **ALLEGATIONS OF FACT**

12. Plaintiff placed her cellular phone number on the National "Do-Not-Call" list on September 27th, 2019, due to solicitation calls from colleges, and other businesses. Plaintiff uses her cellular phone number ending in 0510 as her primary residential number. Plaintiff does not have a landline.

13. Beginning on or around October of 2019, the Defendant placed *a minimum of* thirteen (13) calls to Plaintiff's cellular telephone number ending in 0510 from (773) 272-7238, (773) 272-7950, (847) 586-4088, (773) 272-7068, and (877) 221-5800, without her consent using an artificial or prerecorded voice messaging system.

14. Specifically, the first time Plaintiff answered a call from the Defendant, she was **immediately** greeted with a prerecorded voice saying, "Please hold." After a short pause, a representative came on the line asking for "Rashun Townsend." Plaintiff just hung up. Each time Plaintiff answered a call from the Defendant the same thing would happen. It was so overwhelming and frustrating Plaintiff stopped answering the calls.

15. The last call Plaintiff received from the Defendant was a lengthy automated pre-recorded voice message that was left on her message inbox that stated, " ***Hello from AIU student advising, our records indicate that you have not participated in class in sometime and may be in danger of withdrawal. We want to help you***

*succeed. I we can assist in any way please reach out to us at 877.221.5800 and select option 1. We appreciate your hard work and dedication."*

16. Upon information and belief, the Defendant's prerecorded messaging system activates once any recipient answers the call.

17. Plaintiff has **never** inquired about the Defendant's online school. Plaintiff has **never** submitted any information online or otherwise requesting information about the Defendant's online school. Plaintiff has **never** given the Defendant consent to call her cellular phone number using prohibited equipment. Plaintiff is the sole subscriber and authorized user of cellular telephone number ending in 0510 and uses it phone specifically as her residential number.

18. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided her expressed consent within the meaning of the statue.

19. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice messaging system" violated 47 U.S.C. § 227(b)(1)(A).

20. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone violated 47 U.S.C. § 227(c)(5).

21. Plaintiff suffered harm and damages in the form of invasion of privacy, and harassment due to the continuous unwarranted phone calls, as well as additional

data rate charges to her cellular telephone plan. Plaintiff has a "pay per data" call plan via Cricket wireless.

22. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a solicitation phone call from the Defendant.

23. Plaintiff suffered harm and damages in the form of data usage, nuisance due to the frequency of the phone calls and the resentment and anger Plaintiff felt as a result of them.

24. Plaintiff attempted to mitigate these matters without court interference by sending an "Intent to Litigate" letter to American Intercontinental University. USPS records show that it arrived at their office on 10/28/2019. To this day, no response. Plaintiff then sent an email to the lead "In House" counsel for Career Education Corporations, Attorney Jeffrey Ayers, on 11/02/2019. To this day, no response.

25. Plaintiff sincerely believes that based upon the Defendants non actions to mitigate these matters, the Defendant has taken the stern position that they are beyond legal liability.

26. Lastly, and more importantly, the Defendants behavior not only demonstrates a blatant and willful intent to violate the provisions of the TCPA, (which was explicitly enacted to prohibit such violations), but also reveals to the court an

attitude of disdain for regulatory compliance, and a total lack of concern for those who are emotionally, and financially affected by their non-compliant and egregious actions.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

## QUESTIONS OF LAW

28. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether Defendant made non-emergency calls to Plaintiff's residential telephone number without having implemented the minimum procedures for maintaining a do-not-call list.

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

e. Whether Defendant is liable for statutory damages for the same calls under both the automated-call subsection of the TCPA, and the do-not-call-list subsection.

## COUNT I-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227, ET SEQ.

29. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

30. The thirteen (13) prerecorded automated calls phone calls were made to Plaintiff's cellular phone using prohibited equipment without her expressed consent.

31. As a result of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is entitled to an award of a minimum of $500.00 in statutory damages for each call-in violation of the statute pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227(c)(5)

32. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

33. The thirteen (13) prerecorded automated phone calls were made to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and did not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

34. As a result of Defendants violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to an award of a minimum of $1,500.00 in statutory damages for each willful call-in violation of the statute pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

a) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of a minimum of $500.00 for each call that violated this section and $1,500.00 for a willful and knowing violation of the do-not-call-list requirements, 47 U.S.C. § 227(c)(5);

b) Actual damages from the Defendant for all damages including emotional distress, data usage, and nuisance as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

c) A trial by jury on all issues so triable;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

Alicia Valdez-Sandoval

109 N. Main St. #602

Memphis, Tn 38103

aliciavs2223@outlook.com