# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ALICIA VALDEZ-SANDOVAL,    Civil Action No.

Plaintiff,

**2:19-cv-02802-MSN-TMP**

VS.

CAREER EDUCATION CORPORATION, d/b/a
AMERICAN INTERCONTINENTAL UNIVERSITY

Defendant.

## AMENDED COMPLAINT

NOW Comes the Plaintiff, Alicia Valdez-Sandoval, by and through herself and for her Amended Complaint against the Defendant, Career Education Corporation, d/b/a American Intercontinental University, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Career Education Corporation, d/b/a/ American Intercontinental University, – (hereinafter, "CEC"), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on

1 | Page

behalf of (CEC). This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. (CEC), has violated the TCPA by contacting the Plaintiff on her cellular telephone via an "automatic dialing system," and/or " automated or prerecorded messages" as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

4. ALICIA VALDEZ-SANDOVAL, (hereinafter, "Plaintiff"), is a natural person who resides in the county of Shelby, state of Tennessee.

5. CAREER EDUCATION CORPORATION, d/b/a AMERICAN INTERCONTINENTAL UNIVERSITY (hereinafter, "Defendant"), is a "for-profit" online university with a corporate address of 231 N. Martingale Road 6th Flr. Schaumburg, Il 60173, and is a "person" as find by 47 USC section 153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

9. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). [3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## ALLEGATIONS OF FACT

11. Beginning on or around October of 2019, the Defendant placed *at least* thirteen (13) calls to Plaintiff's cellular telephone number (901) 488-0510 from (773) 272-7238, (773) 272-7950, (847) 586-4088, and (773) 272-7068, without her consent using an artificial or prerecorded voice messaging system.

12. Specifically, the first time Plaintiff answered a call from the Defendant, she was **immediately** greeted with a prerecorded voice saying, "Please hold." After a short pause, a representative came on the line asking for "Rashun Townsend." Plaintiff just hung up. After a thorough review of her call log, Plaintiff discovered that she had specifically written down at least one call from 773.272.7238 whereas she stayed on the phone after the pre-recorded voice message and shouted to the female representative who came on the line, "Stop calling my fuckin phone" and hung up. However, the calls, and the same prerecorded voice message continued. Each time Plaintiff answered a call from the aforementioned numbers, she would

4 | P a g e

hear a pre-recorded voice saying, "Please hold." The frustration was so overwhelming that Plaintiff stopped answering calls from the listed numbers.

13. Furthermore, during the time Plaintiff received the unwarranted calls from the Defendant, she had a personal greeting that would "notice" *any caller* who called that they were calling a *particular party*.

14. First, in order for the Defendant to leave *any* messages on Plaintiffs cellular phone, they had to hear her personal greeting. Yet, even after the Defendant was asked to stop calling, the Defendant continued to call from the aforementioned numbers and leave live messages on Plaintiffs cellular phone asking for "Rashun Townsend," knowing that Plaintiffs personal greeting *clearly advised them who they were calling*. The Defendant simply did not care.

15. The last call Plaintiff received from the Defendant was a lengthy automated pre-recorded voice message stating in pertinent part; "...*Hello from AIU student advising, our records indicate that you have not participated in class in sometime and may be in danger of withdrawal. We want to help you succeed. I can assist in any way please reach out to us at 877.221.5800 and select option 1*..."

16. Upon information and belief, the Defendant's prerecorded messaging system activates once a recipient answers the call.

17. Plaintiff has **never** inquired about the Defendant's online school. Plaintiff has **never** submitted any information online or otherwise requesting information about

the Defendant's online school.  Plaintiff has **never** given the Defendant consent to call her cellular phone number using prohibited equipment. Plaintiff is the sole subscriber and authorized user of cellular telephone number ending in 0510.

18. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided her expressed consent within the meaning of the statue.

19. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice messaging system" violated 47 U.S.C. § 227(b)(1)(A).

20. Plaintiff suffered harm and damages in the form of invasion of privacy, and harassment due to the continuous unwarranted phone calls, as well as additional data rate charges to her cellular telephone plan. Plaintiff has a "limited" call plan via Cricket wireless.

21. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a solicitation phone call from the Defendant.

22. Plaintiff suffered harm and damages in the form of data usage, nuisance due to the frequency of the phone calls and the resentment and anger Plaintiff felt as a result of them.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

## QUESTIONS OF LAW

24. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice.

b. Whether Defendants conduct was knowing and/or willful.

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227, ET SEQ.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The thirteen (13) phone calls were made to Plaintiff's cellular phone using prohibited equipment without her expressed consent.

27. As a result of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each call-in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

a) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each call that violated the TCPA.

b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $500.00 for each call that violated the TCPA.

c) Actual damages from the Defendant for all damages including emotional distress, data usage, and nuisance as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA.

d) A trial by jury on all issues so triable.

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Alicia Valdez-Sandoval

109 N. Main St. #602

Memphis, Tn 38103

aliciavs2223@outlook.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th, day of February 2020, a copy of the foregoing was filed and served via USPS mail on all counsel of record of the Defendant to:

**Jonathan E. Nelson**

BASS, BERRY & SIMS PLC

100 Peabody Place, Suite 1300

Memphis, Tennessee 38103

**Terance A. Gonsalves**

ALSTON & BIRD LLP

1201 West Peachtree Street

Atlanta, GA 30309

Alicia Valdez-Sandoval